UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Jessie J. Johnston,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Jo Anne B. Barnhart,<br>Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | C/A No. 8:05-178-GRA-BHH<br><br>ORDER<br>(Written Opinion) |

I. PROCEDURAL HISTORY

This matter is before the Court to issue a final order on the magistrate's Report and Recommendation made in accordance with Local Rule 83.VII.02(a), D.S.C., and filed on December 28, 2005. Plaintiff brought this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security Administration that Plaintiff was not entitled to disability insurance benefits ("DIB") or supplemental security income benefits ("SSI").

On September 19, 2002, Plaintiff filed an application for DIB and SSI alleging disability beginning July 2, 2002. The application was denied initially and on reconsideration. Plaintiff requested a hearing, which was held on March 8, 2004.

1

Following the hearing, at which Plaintiff and his attorney appeared, the administrative law judge ("ALJ") considered the case *de novo*, and on May 28, 2004, determined that Plaintiff was not entitled to benefits. This determination became the final decision of the Commissioner when it was adopted by the Appeals Council on December 15, 2004. Plaintiff then commenced this action on January 20, 2005 in the United States District Court, which was referred to the magistrate to issue a Report and Recommendation. The magistrate concludes that the ALJ's findings are supported by substantial evidence and recommends the decision of the Commissioner be affirmed.

## II.  STANDARDS OF REVIEW

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. Plaintiff has filed objections to the magistrate's Report and Recommendation.

The role of the federal judiciary in the administrative scheme established by

the Social Security Act is a limited one. Section 205(g) of the Act provides: "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

III.  DISCUSSION

Plaintiff proffers several objections to the magistrate's Report and Recommendation:  (1) the magistrate erred in concluding that the ALJ's decision gave sufficient reasons to reject a treating physician's opinion; (2) the magistrate erred in finding that the ALJ's rejection of Plaintiff's subjective complaints of pain was proper; (3) the magistrate erred in finding the ALJ properly considered Plaintiff's massive obesity; and (4) the magistrate erred in finding that the ALJ properly applied the grids to deny benefits. Notably, these are essentially the same arguments that Plaintiff raised in his Memorandum at Law.  Thus, the magistrate addressed these arguments in his Report and Recommendation.

First, Plaintiff objects that the magistrate erred by concluding that the ALJ's decision gave sufficient reasons for rejecting the opinion of Plaintiff's treating physician, Dr. David Gammon.  The ALJ rejected Dr. Gammon's opinion, finding that his opinion of the plaintiff's "significant back problem" is "not well supported by medically acceptable clinical and laboratory diagnostic techniques, including the results of laboratory studies, physical examinations and x-rays."  The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.  *See* 20 C.F.R. §416.927(d)(2)(2004); *Mastro v. Apfel*, 370 F.3d 171 (4 Cir. 2001).  There is no indication that Dr. Gammon diagnosed a problem other than "back pain", and there

4

is no report that Plaintiff was suffering from depression.  In addition, Plaintiff only visited Dr. Gammon on three occasions, and Dr. Gammon made no clinical findings concerning muscle spasms, range of motion, tenderness or gait.  Further, no other physician ever diagnosed the plaintiff with a "significant back impairment" and no medical source noted any limitations due to his weight. Therefore this objection is without merit.

Plaintiff's second objection states that the magistrate erred in finding that the ALJ's rejection of Plaintiff's subjective complaints of pain was proper.  Plaintiff argues that the ALJ's decision failed to identify anything Plaintiff actually alleged, failed to compare anything Plaintiff said to any evidence, and failed to consider the effects of massive obesity on Plaintiff's pain.  Federal regulations, 20 C.F.R. §§ 416.929(a) and 404.1529(a), provide the authoritative standard for the evaluation of pain in disability determinations.  *See Craig v. Chater*, 76 F.3d 585, 593 (4th Cir. 1996).  Under these regulations, "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Id.* at 594.  First, "there must be objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. at 591 (quotation and emphasis omitted).  This threshold test "does not . . . entail a determination of the intensity, persistence or functionally limiting effect" of the claimant's asserted pain." *Id*. at 594.  Second, and only after the threshold inquiry has been satisfied, "the intensity and persistence of the claimant's pain, and the

extent to which it affects [his] ability to work, must be evaluated." *Id*. at 595.

As the magistrate correctly noted, the ALJ's credibility finding was proper and supported by substantial evidence. The ALJ did not require only objective medical evidence of Plaintiff's pain, nor did he find that Plaintiff's back problem could not reasonably be expected to cause any pain. He found that the medical evidence established the existence of a severe impairment. He then evaluated Plaintiff's subjective complaints of pain pursuant to 20 C.F.R. § 404.1529 and concluded that Plaintiff's allegations were not fully credible. In making this determination, the ALJ properly analyzed Plaintiff's credibility under the two-step analysis described in *Craig*. The ALJ clearly discussed his reasons for finding Plaintiff's allegation to be not fully credible, including the lack of pain medication and the absence of limitations imposed by physicians. In addition, there is no evidence in the record that any physician ever placed any functional limitations on Plaintiff's physical activities. Plaintiff's second objection is therefore without merit.

Plaintiff's third objection argues that the magistrate erred in finding that the ALJ properly considered Plaintiff's massive obesity. Plaintiff's fourth objection states that the magistrate erred in finding that the ALJ properly applied the grids to deny benefits when Plaintiff suffers from nonexertional impairments, including massive obesity. Because both of these objections concern the impact of Plaintiff's obesity to the ALJ's decision, the Court will consider these objections together as they are interrelated. Where a claimant has no nonexertional impairments that

prevent him from performing the full range of work at a given exertional level, the ALJ may rely on the grids to satisfy his burden of proof. *Coffman v. Bowen*, 829 F.2d 514, 518 (4th Cir. 1987). The grids are dispositive of whether a claimant is disabled only when the claimant suffers from purely exertional impairments. However, when a claimant suffers from both exertional and nonexertional limitations, the grid tables are not conclusive but may only serve as guidelines. *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1987). The Fourth Circuit has defined a "nonexertional impairment" as "a limitation that is present whether the claimant is attempting to perform the physical requirements of a job or not." *Gory v. Schweiker*, 712 F.2d 929, 930 (4th Cir. 1983).

The magistrate concluded "[t]he mere fact of the plaintiff's acknowledged obesity does not, in and of itself, constitute a nonexertional limitation foreclosing the use of the grids." The magistrate erred in making this conclusion. "Obesity is . . . a nonexertional impairment which might significantly restrict claimant's ability to perform the full range of sedentary work." *Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997). Such is certainly evident in this case, where Plaintiff weighs approximately 460 pounds. The impact of this nonexertional limitation should be considered by a vocational expert. *See id.*  Therefore, the ALJ erred by relying solely on the grids to deny benefits, and by not consulting a vocational expert to assess Plaintiff's residual functional capacity in light of his morbid obesity.

IV.  CONCLUSION

After a review of the magistrate's Report and Recommendation, Plaintiff's objections thereto, and the administrative record, this Court concludes that the ALJ's decision is not supported by substantial evidence on the whole record, because the ALJ improperly applied the grids to direct a conclusion that Plaintiff was not disabled without consulting a vocational expert to assess Plaintiff's residual functional capacity in light of his significant nonexertional impairment of morbid obesity.  On remand, a vocational expert should be called and asked a hypothetical question which precisely sets forth all of Plaintiff's impairments.

IT IS THEREFORE ORDERED that the Commissioner's decision be REMANDED to the ALJ, under sentence four of 42 U.S.C. § 405(g), to receive the testimony of a vocational expert.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January ___30___, 2006