**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**

| | |
|---|---|
| Jesse J. Johnston, | |
| Plaintiff, | C/A No. 8:05-00178-GRA |
| v. | |
| JoAnne B. Barnhart, Commissioner of Social Security, | **ORDER**<br>(Written Opinion) |
| Defendant. | |

Plaintiff's attorney petitions this Court for an award of attorney's fees in the above-captioned case under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiff seeks $3,714.90 in attorney's fees ($159.20 per hour for 13.25 attorney hours, and $65.00 per hour for 24.70 paralegal hours), plus $150.00 for the filing fee, for a total of $3,864.90. The government objects to an award of attorney's fees.

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Commissioner of Social Security denying Social Security Disability Insurance benefits ("DIB"). The magistrate judge to whom this case was assigned recommended affirming the decision of the Commissioner. Plaintiff filed objections to the Report and Recommendation. After a review of the Report and Recommendation and Plaintiff's objections thereto, this

Court concluded "that the ALJ's decision is not supported by substantial evidence on the whole record, because the ALJ improperly applied the grids to direct a conclusion that Plaintiff was not disabled without consulting a vocational expert to assess Plaintiff's residual functional capacity in light of his significant nonexertional impairment of morbid obesity." (Jan. 30, 2006 Order 8). The Court ordered the Commissioner's decision to be remanded to the ALJ, under sentence four of 42 U.S.C. § 405(g), to receive the testimony of a vocational expert. *Id.*

The government objects to an award of attorney's fees on the basis that the Commissioner's position was "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). The EAJA provides for an award of attorney's fees to a prevailing party, other than the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award of fees unjust. *Id*. Substantial justification requires justification to "a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Commissioner's position must have had "a reasonable basis both in law and fact." *See Pierce*, 487 U.S. at 565; *see also Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991) and *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984). A "position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct . . . ." *Underwood*, 487 U.S. at 566 n.2.

Plaintiff's attorney contends that the Commissioner was not substantially

justified in failing to consult a vocational expert to assess Plaintiff's residual functional capacity in light of Plaintiff's morbid obesity. The Court agrees. The Court finds no substantial justification in the failure of the ALJ to consult a vocational expert to assess Plaintiff's morbid obesity and its affect on his ability to work. *See Lucy v. Chater*, 113 F.3d 905, 909 (8th Cir. 1997).

After a review of the record and Plaintiff's attorney's petition and reply, this Court finds that an award of attorney's fees in the amount requested is appropriate.

IT IS THEREFORE ORDERED that the Plaintiff's attorney's petition for an award of attorney's fees under 28 U.S.C. § 2412 be GRANTED, and Plaintiff's attorney be awarded fees in the amount of $3,864.90.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
June   5  , 2006.